IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FRED FRANKLIN ALEXANDER | § | |
| v. | § | CIVIL ACTION NO. 6:08cv34 |
| DELBERT PURVIS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Fred Alexander, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Alexander complained of an alleged use of force incident which occurred on September 28, 2006. He also complained that the officials involved refused to fill out the required documentation and would not allow him access to the mailroom.

After review of the pleadings, the Magistrate Judge issued a Report on April 15, 2008, recommending that the lawsuit be dismissed. The Magistrate Judge determined that Alexander had previously filed at least three lawsuits or appeals which had been dismissed as frivolous and therefore fell under 28 U.S.C. §1915(g), barring him from filing *in forma pauperis* lawsuits unless he shows that he is under imminent danger of serious physical injury. In the present case, the Magistrate Judge said, Alexander did not make such a showing; the claim was one of past harm, not imminent danger, and Alexander is not even on the same unit where the incident occurred. The Magistrate Judge therefore recommended that the lawsuit be dismissed, but that Alexander could reinstate it within 30 days by paying the full filing fee.

Alexander filed objections to the Magistrate Judge's Report on April 29, 2008. In his objections, Alexander concedes that he has three strikes, but goes on to argue that one of the cases in which he accumulated two of the strikes, for a frivolous lawsuit and a frivolous appeal, was improperly dismissed. <u>Alexander v. Milligan</u>, slip op. no. 05-41728 (5th Cir., Sept. 27, 2006). In this case, Alexander claimed that he was denied access to court because of the destruction of a probable cause statement relating to a 1980 arrest and conviction for burglary, which was used to enhance his current conviction. Alexander quotes from the Fifth Circuit's opinion in that case as follows:

> With respect to Alexander's claim of the denial of access to courts, he has not shown that he will suffer actual injury in any legal proceeding based upon the destruction of a probable cause statement relating to a 1980 conviction for burglary that was used to enhance his current sentence. See <u>Lewis v. Casey</u>, 518 U.S. 343, 351-52, 355 (1996). By pleading true to the enhancement, Alexander waived his challenge to the 1980 conviction. <u>Cook v. Lynaugh</u>, 821 F.2d 1072, 1075 (5th Cir. 1987).
>
> Even assuming Alexander could collaterally challenge his 1992 conviction, more than 15 years after his sentence was imposed, and that his habeas petition would not otherwise be procedurally barred, he cannot show that he would suffer any actual injury during a legal proceeding because of the now- destroyed probable cause statement. The probable cause statement allegedly provided that he committed the offense of burglary on March 10, 1980. Alexander can demonstrate via documents that are already in his possession that there was some confusion or error regarding the date his burglary offense was committed. As Alexander concedes, however, the Texas Court of Criminal Appeals has determined that the burglary offense occurred on March 9, 1980. See <u>Ex parte Alexander</u>, 685 S.W.2d at 59. Moreover, according to Alexander, the probable cause statement indicated that he committed the offense of burglary. Thus, the probable cause statement tended to prove, not disprove, that he committed the offense of burglary.

Alexander explains that between March 9 and March 17, 1980, he stayed in confinement by the City of Hearne Police Department for public intoxication; he was also held by the Robert County Sheriff on another charge of public intoxication and for "possibly trying to steal a tire from a new vehicle parked at Brewers Ford on Magnolia Street," which Alexander says is not a violation of the laws of Texas or the United States.

On March 17, 1980, on the day of his trial for the "possible theft" charge, Alexander says that Officer B.S. Turner of the Franklin Police Department filed a complaint and affidavit for a warrant

2

of arrest on charges of burglary of a building. However, Alexander says, he has recently learned that the Franklin Police Department did not even exist in 1980; he attaches documentation showing that the Franklin Police Department was chartered in 1983. Thus, Alexander says, the Franklin Police Department was a "nonentity," rendering his arrest and conviction unlawful. Based on this, Alexander argues that the judgment in Alexander v. Milligan should be set aside, which would mean that he has only two strikes, and would not be barred by the three-strikes provision of 28 U.S.C. §1915(g).

Even if Alexander's objections in the present case were a proper vehicle for challenging the validity of the dismissal of his prior case as frivolous, which they are not, Alexander's "newly discovered evidence" does not show that his prior lawsuit was improperly dismissed as frivolous. As the Fifth Circuit observed, Alexander waived his challenge to the 1980 conviction by pleading true to the enhancement of his present conviction; this challenge is waived regardless of the claim that he was arrested by a non-existent entity. Furthermore, none of the documents which Alexander presents actually show that he was arrested by a non-existent entity; the affidavit of the arresting officer, B.S. Turner, is sworn before the County Attorney of Robertson County and nowhere mentions the City of Franklin Police Department. Alexander has failed to show that the Magistrate Judge erred in determining that he has three strikes or that his complaint is barred by 28 U.S.C. §1915(g), and his objections are without merit. In the event that the decision in Alexander v. Milligan is set aside, by this Court or by the Fifth Circuit, Alexander may seek reconsideration of the decision in the present case through a motion under Rule 60, Fed. R. Civ. P.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's applications for leave to proceed *in forma pauperis* (docket no.'s 2 and 7) are hereby DENIED. It is further

ORDERED that this lawsuit is hereby DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 14th day of May, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**